1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                   SOUTHERN DIVISION

| | |
|---|---|
| JAMES R. GLIDEWELL DENTAL CERAMICS, INC., | Case No. 8:20-cv-00760 JVS (JDEx) |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| BERKLEY INSURANCE COMPANY; and DOES 1 through 20, inclusive, | |
| Defendants. | |

Based on the parties' Stipulation (Dkt. 16), and good cause appearing

therefor, the Court finds and orders as follows.

1.  **INTRODUCTION**

   A.    **PURPOSES AND LIMITATIONS**

      Discovery in this action is likely to involve production of confidential,

proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than litigating this action may be

warranted.  Accordingly, the parties hereby stipulate to and petition the Court to

enter the following Stipulated Protective Order.  The parties acknowledge that this

Order does not confer blanket protections on all disclosures or responses to

discovery and that the protection it affords from public disclosure and use extends

---

only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 11.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## B.    GOOD CAUSE STATEMENT

This action is likely to involve sensitive financial information for which special protection from public disclosure and from use for any purpose other than litigating this action is warranted. This case involves a coverage dispute arising from an employee theft claim. The employee theft is being investigated by the local police department, and this litigation will require the production of confidential financial records of Plaintiff Glidewell as well as sensitive personal information of Glidewell's former employee. Parties and third parties (both individual and corporate) may possess potentially discoverable information. The confidential and proprietary information from parties and third parties will contain, inter alia, confidential business or financial information, proprietary business information, information regarding confidential business practices, trade secrets, commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law, including possibly confidential settlement negotiations and agreements. The information is likely to include financial data, bank account numbers, credit card numbers, confidential e-mails, personal information involving the former employee, and additional information which may implicate the privacy rights of the parties and third parties. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the

parties are entitled to keep confidential, to ensure that the parties are permitted
reasonable necessary uses of such material in preparation for and in the conduct of
trial, to address their handling at the end of the litigation, and serve he ends of
justice, a protective order for such information is justified in this matter.  It is the
intent of the parties that information will not be designated as confidential for
tactical reasons and that nothing be so designated without a good faith belief that it
has been maintained in a confidential, non-public manner, and there is good cause
why it should not be part of the public record of this case.

**2.    <u>DEFINITIONS</u>**

2.1    <u>Action</u>:  this pending federal lawsuit.

2.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the
designation of information or items under this Order.

2.3    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of
how it is generated, stored or maintained) or tangible things that qualify for
protection under Federal Rule of Civil Procedure 26(c), and as specified above in
the Good Cause Statement.

2.4    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as
their support staff).

2.5    <u>Designating Party</u>:  a Party or Non-Party that designates information or
items that it produces in disclosures or in responses to discovery as
"CONFIDENTIAL."

2.6    <u>Disclosure or Discovery Material</u>:  all items or information, regardless
of the medium or manner in which it is generated, stored, or maintained (including,
among other things, testimony, transcripts, and tangible things), that are produced or
generated in disclosures or responses to discovery in this matter.

2.7    <u>Expert</u>:  a person with specialized knowledge or experience in a matter
pertinent to the litigation who has been retained by a Party or its counsel to serve as
an expert witness or as a consultant in this Action.

STIPULATED PROTECTIVE ORDER

2.8     House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.      SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

- 4 -

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4.**     **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.**     **DESIGNATING PROTECTED MATERIAL**

5.1 <u>Making Designation</u>. Protected Material shall be designated as such by the Designating Party or third party by stamping or labeling it with, or otherwise affixing thereto, the legend "CONFIDENTIAL" as appropriate.

5.2 <u>Transcripts or Recordings of Depositions</u>. In the case of transcripts or recording of depositions or other pretrial proceedings in this Action, Counsel may state on the record during such deposition or other proceeding that the entire transcript or a portion thereof shall be designated as "Confidential" as appropriate; or may give written notice of such designation to all Parties within 30 days after the transcript or recording is received by Counsel from the court reporter.

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4 <u>Inadvertent Production</u>. If a Producing Party inadvertently produces a

document, tangible item or electronically stored information that it later discovers or in good faith asserts to be privileged, protected by the work product doctrine, or subject to some other immunity from disclosure ("Privileged Material") the production of that Privileged Material shall not be deemed to constitute a waiver of any applicable privileges, work product protection, or immunity from disclosure. Upon discovery of the inadvertent disclosure, the Producing Party shall immediately notify the Receiving Party of the inadvertent production, and request either the return or confirmation of destruction of the Privileged Materials. Within five business days of receiving such notification, the Receiving Party shall return or confirm destruction of all such materials, including copies and/or summaries thereof.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

STIPULATED PROTECTIVE ORDER

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER

1    (g)    the author or recipient of a document containing the information or

2  a custodian or other person who otherwise possessed or knew the information;

3    (h)    during their depositions, witnesses, and attorneys for witnesses, in the

4  Action to whom disclosure is reasonably necessary provided: (1) the deposing party

5  requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will

6  not be permitted to keep any confidential information unless they sign the

7  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

8  agreed by the Designating Party or ordered by the court. Pages of transcribed

9  deposition testimony or exhibits to depositions that reveal Protected Material may

10  be separately bound by the court reporter and may not be disclosed to anyone except

11  as permitted under this Stipulated Protective Order; and

12    (i)    any mediator or settlement officer, and their supporting personnel,

13  mutually agreed upon by any of the parties engaged in settlement discussions.

14  **8.**    **<u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>**

15        **<u>PRODUCED IN OTHER LITIGATION</u>**

16    If a Party is served with a subpoena or a court order issued in other litigation

17  that compels disclosure of any information or items designated in this Action as

18  "CONFIDENTIAL," that Party must:

19    (a)    promptly notify in writing the Designating Party.  Such notification

20  shall include a copy of the subpoena or court order;

21    (b)    promptly notify in writing the party who caused the subpoena or order

22  to issue in the other litigation that some or all of the material covered by the

23  subpoena or order is subject to this Protective Order.  Such notification shall include

24  a copy of this Stipulated Protective Order; and

25    (c)    cooperate with respect to all reasonable procedures sought to be

26  pursued by the Designating Party whose Protected Material may be affected.

27    If the Designating Party timely seeks a protective order, the Party served with

28  the subpoena or court order shall not produce any information designated in this

1    action as "CONFIDENTIAL" before a determination by the court from which the

2    subpoena or order issued, unless the Party has obtained the Designating Party's

3    permission.  The Designating Party shall bear the burden and expense of seeking

4    protection in that court of its confidential material and nothing in these provisions

5    should be construed as authorizing or encouraging a Receiving Party in this Action

6    to disobey a lawful directive from another court.

7    **9.**      **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

8              **PRODUCED IN THIS LITIGATION**

9         (a)      The terms of this Order are applicable to information produced by a

10   Non-Party in this Action and designated as "CONFIDENTIAL."  Such information

11   produced by Non-Parties in connection with this litigation is protected by the

12   remedies and relief provided by this Order.  Nothing in these provisions should be

13   construed as prohibiting a Non-Party from seeking additional protections.

14        (b)      In the event that a Party is required, by a valid discovery request, to

15   produce a Non-Party's confidential information in its possession, and the Party is

16   subject to an agreement with the Non-Party not to produce the Non-Party's

17   confidential information, then the Party shall:

18        (1)      promptly notify in writing the Requesting Party and the Non-Party that

19   some or all of the information requested is subject to a confidentiality agreement

20   with a Non-Party;

21        (2)      promptly provide the Non-Party with a copy of the Stipulated

22   Protective Order in this Action, the relevant discovery request(s), and a reasonably

23   specific description of the information requested; and

24        (3)      make the information requested available for inspection by the Non-

25   Party, if requested.

26        (c)      If the Non-Party fails to seek a protective order from this court within

27   14 days of receiving the notice and accompanying information, the Receiving Party

28   may produce the Non-Party's confidential information responsive to the discovery

STIPULATED PROTECTIVE ORDER

request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. <u>MISCELLANEOUS</u>**

11.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and any other applicable authorities. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise

STIPULATED PROTECTIVE ORDER

1    instructed by the court.

2         11.4   Nothing in this order shall apply to a Party's use of their own protected

3    material for any use during the course of the Action.

4    **12.**   **FINAL DISPOSITION**

5         Within 60 days after the final disposition of this action, as defined in

6    paragraph 4, the undersigned Parties shall either (1) promptly return to counsel for

7    each Designating Party all Confidential Materials and all copies thereof (except that

8    counsel for each Party may maintain an archival copy of all pleadings, motion

9    papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

10   deposition and trial exhibits, expert reports, attorney work product, and consultant

11   and expert work product, even if such materials contain Protected Material); (2)

12   agree with counsel for the Designating Party upon appropriate methods and

13   certification of destruction or other disposition of such Confidential Materials; or (3)

14   as to any Documents, Testimony or other Information not addressed by (1) and (2),

15   file a motion seeking a Court order regarding proper preservation of such Materials.

16   Any party that is unable to comply with (1) or (2) because of law, statute, or

17   regulation, will maintain Confidential Materials in its files, in continuing

18   compliance with the terms of this Stipulation and Protective Order until such time

19   that the Party is permitted to destroy the Confidential Materials, under the applicable

20   law, statute, or regulation.  To the extent permitted by law the Court shall retain

21   continuing jurisdiction to review and rule upon the motion referred to in sub-

22   paragraph (3) herein.

23        Based on the parties' Stipulation (Dkt. 16) and for good cause shown, IT IS

24   SO ORDERED.

25

26   Dated:  July 9, 2020

27                                        JOHN D. EARLY
                                          United States Magistrate Judge
28

STIPULATED PROTECTIVE ORDER

**<u>EXHIBIT A</u>**

**<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on July 9, 2020 in the case of *James R. Glidewell Dental Ceramics, Inc.*,v. *Berkley*

*Insurance Company*., No. 8:20-cv-760 JVS (JDEx).  I agree to comply with and to

be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print or

type full name] of _____ [print or type

full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

- 12 -

STIPULATED PROTECTIVE ORDER